IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERANCE MCNINCH and PEGGY MCNINCH, | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | Case No. 1:19-cv-02305 Honorable Mary M. Rowland |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Defendant. | ) | |

**THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA'S
<u>MOTION FOR JUDGMENT</u>**

Defendant, The Guardian Life Insurance Company of America ("Guardian"), by its attorneys, respectfully requests that this Court, pursuant to Fed. R. Civ. P. 52, adopt Guardian's Proposed Findings of Fact and Conclusions of Law, which is filed contemporaneously herewith and incorporated by reference into this Motion, enter an order of judgment in Guardian's favor and against Plaintiffs on their claims, award Guardian its reasonable attorneys' fees and costs under 29 U.S.C. § 1132(g), and for such further relief this Court deems necessary and just. In support of this Motion, Guardian states:

1.  Jason McNinch left work on Tuesday, October 24, 2017, for a weeklong vacation. (JT APPX. 0540, 0543).[1] When he did not return to work on Wednesday, October 31, 2017, the Chicago Police Department conducted a wellness check and discovered him unresponsive in his bed. (JT APPX. 0472-473).

2.  There was no sign of foul play, forced entry, or any other type of disturbance in the apartment. The police did not find any prescriptions, narcotics, or drug paraphernalia. JT APPX. 0828).

---

[1] The parties filed their Joint Appendix on April 9, 2021. All citations to the materials contained in that Joint Appendix are identified as "JT APPX. __."

3. A subsequent autopsy found that Mr. McNinch had ingested several illicit and intoxicating substances including cocaine, fentanyl, marijuana, and alcohol. (JT APPX. 05352, 0535-536). The Cook County Medical Examiner, who reviewed the police report and was aware of Mr. McNinch's prior arrest for opioid (heroin) possession, fully examined Mr. McNinch and determined that the combined toxicity of the cocaine and fentanyl in his body caused his death. (JT APPX. 0533).

4. Mr. McNinch was an "IT AV Manager" at the Chicago Museum of Contemporary Art and a participant in the Museum's employee welfare benefit plan. (JT APPX. 0543; Doc. 1, ¶ 12; Doc. 17, ¶ 12).[2]

5. McNinch's plan was known as the "Museum of Contemporary Art Class 0001 AD&D, Optional Life, Dental, LTD, Life, STD, Vision, Voluntary AD&D" (the "Plan"). (JT APPX. 0001).

6. The Plan was insured by Group Policy No. G-00483436 issued by Guardian, and Guardian was the Plan's Claim Fiduciary. (Doc. 1, ¶s 6, 12; Doc. 17, ¶s 6, 12; JT APPX. 0001-0411).

7. The Plan provided basic term life insurance coverage to Mr. McNinch. (JT APPX. 1106, 1336).

8. The Plan also provided basic accidental death and dismemberment insurance coverage for specifically defined covered losses, including death. (JT APPX. 0063).

9. Plaintiffs are the co-beneficiaries of the life insurance and accidental death benefits provided to Mr. McNinch by the Plan, and they submitted claims for those benefits. (JT APPX. 1106, 1336; Doc. 1, ¶ 10; Doc. 17, ¶ 10).

---

[2] Citations to "Doc. __" are citations to the document numbers that appear on the Court's electronic docket for this case.

2

10. Guardian, acting as the Claims Fiduciary for Mr. McNinch's employee benefit plan, paid the plan's basic life insurance benefits, but denied Plaintiffs' claim for the plan's accidental death benefits. (JT APPX. 459-460, 0833-837, 1106, 1336).

11. The plan's accident coverage extends only to losses that are the direct result of an accident and that are independent of any disease or bodily infirmity. The Plan promised the following accidental death and dismemberment benefit:

> **The Benefit:** We'll pay the benefits described below if an employee suffers an irreversible covered loss due to an accident that occurs while he or she is insured. The loss must be a direct result of the accident, independent of disease or bodily infirmity. And, it must occur within 365 days of the date of the accident.

(JT APPX. 0063).

12. In addition, the plan excludes coverage for losses caused by the "voluntary use of a controlled substance" without a prescription.

> We won't pay for any loss caused … by the employee's voluntary use of a controlled substance, unless: (1) it was prescribed for the employee by a doctor; and (2) it was used as prescribed. A controlled substance is anything called a controlled substance in Title II of the Comprehensive Drug Abuse Prevention and Control Act of 1970, as amended from time to time.

(JT APPX. 0065).

13. Cocaine and fentanyl are controlled substances under the terms of the Plan. (JT APPX. 0537; JT APPX. 0667-0671; Temporary Order, 83 FR 5188-5192); 21 U.S.C. § 812(c) (Schedule II, (a)(3) and (b)).

14. Mr. McNinch did not have prescriptions for the cocaine and fentanyl found in his body following his death. (JT APPX. 0558).

15. Guardian drew the only reasonable inference it could from the evidence in the record: it concluded Mr. McNinch voluntarily used a controlled substance that caused his death and, therefore, his death was excluded from the Plan's coverage. (JT APPX. 459-460, 0833-837).

16. Plaintiffs appealed Guardian's denial of accidental death benefits. (Doc. 1, ¶ 17, Doc. 17, ¶ 17; JT APPX. 0658-779).

17. Plaintiffs speculated that Mr. McNinch *might have ingested* the cocaine and fentanyl in a combined form and, if he did, he *might not have known* the substance contained both cocaine and fentanyl. (JT APPX. 0662-663).

18. That speculation fueled Plaintiffs' argument that the administrative record did not support Guardian's determination that Mr. McNinch voluntarily used the cocaine or fentanyl that caused his death and, therefore, his death did not fall within the Plan's exclusion. (JT APPX. 0662-665).

19. Guardian denied Plaintiffs' appeal and Plaintiffs filed their Complaint on April 4, 2019, seeking $50,000 in accidental death benefits under the Plan, pursuant to Section 502(a)(1)(B) of ERISA (29 U.S.C. § 1132(a)(1)(B)). (Doc. #1).

20. Guardian filed its Answer and Affirmative Defenses to the Complaint on June 10, 2019. (Doc. #17).

21. The evidence collected in discovery demonstrates that Mr. McNinch had an Opioid Use Disorder, a Stimulant Use Disorder, and an Alcohol Use Disorder within the meaning of the Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition ("DSM-5"). (JT APPX. 1444-1446).

22. Consequently, even if Mr. McNinch's death was the result of an accident, it was not independent Mr. McNinch's multiple substance use disorders. Because those conditions are "diseases" in the ordinary and popular sense of the word, Plaintiffs cannot prove Mr. McNinch's death was "a direct result of the accident, independent of disease" and, therefore, his death does not fall within the Plan's accident coverage.

23. Furthermore, the evidence collected in discovery confirms Guardian correctly determined that Mr. McNinch's death was excluded from the Plan's coverage.

24. Medical records obtained in discovery revealed that Mr. McNinch had a long history of illicit narcotics use and various failed attempts at abstinence, including participating in multiple methadone treatment programs. (JT APPX. 1387-1388, 1414-1415, 1419). The records also revealed that Mr. McNinch admitted to a history of nasal inhalation of heroin and cocaine. (JT APPX 1387).

25. The only reasonable inference the evidence supports is that Mr. McNinch's death is excluded from the Plan's coverage because it was caused by his voluntarily use, without a prescription, of at least one of the controlled substances that combined to cause his death.

26. The parties proposed and, by Minute Order dated March 18, 2021, this Court adopted, the parties' proposal to file dispositive cross-motions for judgment under Fed. R. Civ. P. 52. (Dkt. 68).

27. Guardian filed its Proposed Findings of Fact and Conclusions of Law in support of this Motion, and it incorporates the facts and arguments set forth therein into this Motion by reference.

28. The evidence establishes that Mr. McNinch's death was not an accidental loss that was covered by the Plan. The evidence further establishes that even if Mr. McNinch's death was a covered accident it falls within the Plan's exclusion for losses caused by the voluntary use of a controlled substance without a prescription. Guardian, therefore, correctly denied Plaintiffs' claims for the Plan's accidental death benefits.

29. Accordingly, this Court should enter judgment in favor of Guardian and against Plaintiffs on their claim for the plan's accidental death benefits.

**WHEREFORE**, Defendant, The Guardian Life Insurance Company of America, respectfully requests that this Court adopt Guardian's Proposed Findings of Fact and Conclusions of Law, enter an order of judgment in Guardian's favor and against Plaintiffs on their claims, award Guardian its reasonable attorneys' fees and costs under 29 U.S.C. § 1132(g), and for such further relief this Court deems necessary and just.

Respectfully submitted,

**THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA**

By: /s/ Joseph R. Jeffery
 One of Its Attorneys

Joseph R. Jeffery
Craig M. Bargher
CHITTENDEN, MURDAY & NOVOTNY LLC
303 West Madison Street, Suite 1400
Chicago, Illinois 60606
Telephone: 312-281-3600
Facsimile: 312-281-3678
jjeffery@cmn-law.com
cbargher@cmn-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2021, I electronically filed the foregoing **The Guardian Life Insurance Company of America's Motion for Judgment** with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system which sent notification of such filing to the following CM/ECF registered participants:

>Jennifer M. Danish
>Andrew B. Bryant
>Bryant Legal Group PC
>55 E. Monroe St., Ste. 1460
>Chicago, IL 60603
>P  312.235.4886
>Email: jdanish@bryantlg.com
>Email: abryant@bryantlg.com

>>/s/ Joseph R. Jeffery
>>CHITTENDEN, MURDAY & NOVOTNY LLC
>>303 West Madison Street, Suite 1400
>>Chicago, Illinois 60606
>>Telephone: 312-281-3600
>>Facsimile: 312-281-3678
>>jjeffery@cmn-law.com